UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW ANTHONY NICELY,

Defendant.

_____/

No. 2:19-cr-22

Hon. Janet T. Neff
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Matthew Anthony Nicely and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>.   The Defendant agrees to plead guilty to the Indictment charging the Defendant with conspiracy to distribute and possess with intent to distribute 3,4 – methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2. <u>Defendant Understands the Crime</u>.   In order for Defendant to be guilty of conspiracy to distribute and possess with intent to distribute MDMA, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), the following must be true:

   A. That two or more persons conspired, or agreed, to distribute and possess with intent to distribute MDMA; and

   B. The Defendant knowingly and voluntarily joined the conspiracy.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty.</u> The statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) is imprisonment for not more than 20 years, a fine of $1,000,000, a term of at least three years and up to a lifetime of supervised release, and a special assessment of $100. Defendant agrees to pay the special assessment at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release.</u> Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Consent to Proceed Before a United States Magistrate Judge.</u>

Defendant hereby acknowledges the following: that he understands the federal charge against him and the possible penalties; that he desires to enter a plea of guilty pursuant to this plea agreement; that he has the right to have all proceedings, including the plea hearing, conducted by the United States District Judge assigned to this case; and that a United States Magistrate Judge may conduct the plea hearing with Defendant's consent and the consent of his attorney and the Assistant United States Attorney. Understanding these rights, Defendant freely and voluntarily consents to having a United States Magistrate Judge preside over the guilty plea

2

hearing and gives up his right to proceed before a United States District Judge. Defendant understands that the United States District Judge will accept or reject the plea, accept or reject the plea agreement, and will impose sentence.

6. Factual Basis of Guilt. Defendant and the United States Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Between summer 2018 and April 24, 2019, in Marquette County, in the Northern Division of the Western District of Michigan, the Defendant knowingly and voluntarily joined a conspiracy to distribute and possess with intent to distribute 3,4 – methylenedioxymethamphetamine, also known as "MDMA," "Ecstasy," and "Molly," a Schedule I controlled substance. Specifically, on at least two occasions, one in summer 2018 and one on April 24, 2019, the Defendant took possession of packages shipped from overseas that he knew contained MDMA, and delivered them or had planned to deliver them to one of his co-conspirators. He received both cash and MDMA in return for being a courier for the packages in the past and was going to be paid in cash for a package that was delivered on April 24, 2019. On April 24, 2019, the Defendant took a controlled delivery of a package shipped from the Netherlands that had contained approximately 700 grams of MDMA. A search of the Defendant's bedroom conducted that same day located approximately 26.3 grams of MDMA the Defendant said he had received in summer 2018, along with empty pill capsules he used to package individual doses of MDMA.

3

7. The United States Attorney's Office Agrees.

A. Acceptance of Responsibility. The United States Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the United States Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

B. Non-Prosecution Agreement. The United States Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of Defendant's involvement in possessing and distributing MDMA and other controlled substances in the Upper Peninsula of Michigan and elsewhere, provided that the conduct is disclosed to the Government by the Defendant or his attorney prior to the date of this agreement. The Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

4

C. <u>Section 1B1.8 Protection for the Proffered/Cooperative Statements.</u> The United States Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

D. <u>Possibility of Sentence Reduction Motions.</u> The United States Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1 and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the government and materially and substantially assists the government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the United States Attorney's Office. Defendant fully understands that this paragraph is not a promise by the government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the

motion, the Court, not the government, would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

8. <u>The Sentencing Guidelines.</u> Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalty described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

9. <u>There is No Agreement About the Final Sentencing Guidelines Range.</u> Defendant and the United States Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10. <u>Waiver of Constitutional Rights.</u> By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

A. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

B. The right to be presumed innocent and to have the burden of proof placed on the government to prove Defendant guilty beyond a reasonable doubt.

C. The right to confront and cross-examine witnesses against Defendant.

D. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

F. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11. <u>Limited Waiver of Appeal and Right to File Collateral Attack.</u> In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below. Defendant may appeal or seek collateral

relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

    A.    Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

    B.    Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

    C.    the Court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

    D.    Defendant's sentence is above the Sentencing Guidelines range as determined by the Court at sentencing and is unreasonable;

    E.    the guilty plea was involuntary or unknowing;

    F.    an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

    12.    <u>FOIA Requests.</u>    Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the United States Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the United States Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable

for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16. **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
United States Attorney

2/19/20
Date

PAUL D. LOCHNER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

2/24/2020
Date

MATTHEW ANTHONY NICELY
Defendant

10

    I am Matthew Anthony Nicely's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2-24-2020
Date

ELIZABETH A. LACOSSE
Assistant Federal Public Defender

11